**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

————————————————————

No. 25-14239

Non-Argument Calendar

————————————————————

ANDREW MELENDEZ-GONZALEZ,

*Plaintiff-Appellant,*

*versus*

MR. LOSSE,
  Medical Supervisor, Coleman II USP,
MRS. PIQUOIN,
  Medical Staff, Coleman II USP,
MRS. MERCALDO,
  Medical Supervisor, Coleman II USP,
WARDEN, FCC COLEMAN - USP II,

*Defendants-Appellees,*

ADMINISTRATIVE REMEDY COORDINATOR OF
SOUTHEAST REGIONAL OFFICE,

*Defendant.*

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:25-cv-00121-KKM-PRL

———————————————

Before WILLIAM PRYOR, Chief Judge, and ABUDU and ANDERSON, Circuit Judges.

PER CURIAM:

Andrew Melendez-Gonzalez, a federal prisoner, appeals the *sua sponte* dismissal of his *pro se* complaint of inadequate medical treatment and denial of due process, *see Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for failure to state a claim. 28 U.S.C. § 1915A. We affirm.

## I.    BACKGROUND

Melendez-Gonzalez filed a p*ro se* complaint that prison officials violated his Fifth and Eighth Amendment rights by denying him adequate medical treatment and by denying him redress under the grievance process for the Bureau of Prisons. He alleged that he suffered from a painful lump in his throat that prison officials had treated without success.

The district court *sua sponte* dismissed the complaint without prejudice under section 1915A. It ruled that because Melendez-Gonzalez sued federal officials for violating his constitutional rights, his claims, liberally construed, must arise, if at all, under *Bivens*, not the federal statute that he cited, which governs civil-rights violations by state officials, *see* 42 U.S.C. § 1983. The district

court explained that the Supreme Court has recognized an implied right of action under *Bivens* in only three contexts and that Melendez-Gonzalez's claims did not arise in any of those contexts. It concluded that the facts supporting his alleged claim under the Eighth Amendment were meaningfully different from the facts of *Carlson v. Green*, 446 U.S. 14 (1980), based on our decision in *Johnson v. Terry*, 119 F.4th 840 (11th Cir. 2024). It also ruled that Melendez-Gonzalez's claim under the Fifth Amendment meaningfully differs from the claim of sex discrimination in *Davis v. Passman*, 442 U.S. 228 (1979). It dismissed his complaint without prejudice to his filing an amended complaint. After Melendez-Gonzalez filed an amended complaint, the district court dismissed it with prejudice for failure to state a claim for relief.

## II.    STANDARD OF REVIEW

We review a *sua sponte* dismissal of a complaint for failure to state a claim under § 1915A *de novo*. *Christmas v. Nabors*, 76 F.4th 1320, 1328 (11th Cir. 2023).

## III.    DISCUSSION

Melendez-Gonzalez argues that the district court held him to the same pleading standards as an attorney even though he is a *pro se* litigant and that it should have given him leave to amend his complaint to cure his pleading deficiencies. He argues that his Eighth Amendment deliberate-indifference claim falls within the prisoner-medical context recognized in *Carlson*. And he argues that his Fifth Amendment claim should not have been dismissed.

Under section 1915A, a district court shall review, as soon as practicable, a prisoner's civil complaint against officials, and dismiss it if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). The same standards that apply to dismissals for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) apply under section 1915A(b)(1). *Christmas*, 76 F.4th at 1328. To survive dismissal, a prisoner's complaint must allege enough plausible facts, accepted as true, to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We construe *pro se* pleadings liberally. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

In *Bivens*, the Supreme Court recognized an implied right of action for damages against federal officials for violations of constitutional rights. *See Johnson v. Terry*, 119 F.4th 840, 847 (11th Cir. 2024). *Bivens* involved a Fourth Amendment violation, 403 U.S. at 394-97, and the Supreme Court has extended *Bivens* to only two other contexts: sex discrimination, in violation of the Fifth Amendment, in *Davis v. Passman*, 442 U.S. 228, 248-49 (1979), and deliberate indifference to a prisoner's serious medical needs, in violation of the Eighth Amendment, in *Carlson v. Green*, 446 U.S. 14, 16 (1980). Since *Bivens*, *Davis*, and *Carlson*, the Supreme Court has clarified that the extension of *Bivens* remedies beyond these three contexts is "disfavored." *Ziglar v. Abbasi*, 582 U.S. 120, 135 (2017).

To determine whether a claim is cognizable under *Bivens*, district courts must first evaluate whether the case presents a new *Bivens* context—that is, whether it meaningfully differs from the

three contexts where the Supreme Court has permitted an implied right of action. *Egbert v. Boule*, 596 U.S. 482, 492 (2022). We consider whether the cases have *any* relevant differences, not whether they are mostly the same. *Johnson*, 119 F.4th at 859. If the claim presents a new context, the district court must determine whether any special factors suggest that the courts are at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed. *Egbert*, 596 U.S. at 492. "If there is even a single reason to pause before applying *Bivens* in a new context, a court may not recognize a *Bivens* remedy." *Id.* (citation and internal quotation marks omitted).

In *Johnson*, a federal prisoner brought an action under *Bivens* alleging that officials were deliberately indifferent to his serious medical needs when they inadequately treated injuries to his jaw, hand, and foot. *Johnson*, 119 F.4th at 843-46. We concluded that, although *Carlson* recognized a *Bivens* action for deliberate indifference, Johnson's claims presented a new context because the severity, type, and treatment of his injuries were different from those in *Carlson*, which involved fatal injuries. *Id.* at 858-59. We held that special factors weighed against extending *Bivens* to this new context, where an administrative remedy was available to the prisoner. *Id.* at 860.

The district court did not err. Contrary to Melendez-Gonzalez's argument, the district court liberally construed his complaint and granted him leave to file an amended complaint. *Timson*, 518 F.3d at 874. Even so, both Melendez-Gonzalez's original and

amended complaints failed to state a claim for relief because his claims do not fall within any of the three contexts recognized by the Supreme Court for an implied right of action against federal officials. *See Bivens*, 403 U.S. at 394-97; *Davis*, 442 U.S. at 348-49; *Carlson*, 446 U.S. at 16. As was true of the federal prisoner's complaint of deliberate indifference in *Johnson*, Melendez-Gozalez's claim of deliberate indifference failed where he had and pursued an available administrative remedy. *See Johnson*, 119 F.4th at 858-59. And his claim of a denial of due process under the Fifth Amendment differs substantially from the claim of sex discrimination in *Davis*.

## IV.    CONCLUSION

We **AFFIRM** the dismissal of Melendez-Gonzalez's complaint for failure to state a claim for relief.